UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONE LINK SOLUTION, | Civil Action No. 23-4023 (ES) (MAH) |
| Plaintiff, | |
| v. | |
| ERIC BROWN, et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Defendants' failure to respond to the Order to Show Cause dated January 18, 2024. Order to Show Cause, D.E. 25. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court strike Defendants' answer and affirmative defenses and enter default against them and in favor of Plaintiff, pursuant to Federal Rules of Civil Procedure 16(f) and 37, for failure to comply with this Court's Orders.

**I. BACKGROUND**

Plaintiff, One Link Solution ("Plaintiff"), filed a Complaint against Defendants in state court on June 2, 2023 in this breach of contract action. Compl., D.E. 1-2. Plaintiff alleges that Defendants, Eric Brown, Brown and Brown Group Inc. ("Brown Group") and Direct Logistic Transport ("Direct Logistic") (collectively, "Defendants") failed to make any payments toward two promissory notes. *Id.* On July 27, 2023, Defendants removed the matter here on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship under 28 U.S.C. § 1332(a). Notice of Removal, D.E. 1, ¶¶ 3, 4. In the Petition for Removal, Defendants indicated that the amount in controversy exceeds $75,000 and there is complete

diversity between Plaintiff, New Jersey corporation, and Defendants. *Id.* at ¶¶ 5, 9. Eric Brown is a citizen of New York, Brown Group is a New York corporation, and Direct Logistic is an unincorporated entity whose sole principal is Eric Brown. *Id.* at ¶¶ 6-8.

On September 14, 2023, the Undersigned scheduled a telephone scheduling conference for September 25, 2023, which was adjourned to October 12, 2023 at the request of Plaintiff's counsel. Text Order, D.E.s 9, 12. Counsel for Plaintiff and Defendants prepared and filed a joint discovery plan on September 22, 2023. Joint Discovery Plan, D.E. 13. The scheduling conference was again adjourned until October 30, 2023. Text Order, D.E. 14.

On October 25, 2023, Defense Counsel filed a proposed Order to Show Cause why counsel should not be permitted to withdraw as Counsel for Defendant pursuant to Local Civil Rule 102.1 and N.J. R.P.C. 1.16 due to a breakdown in communications between Defendants and Defense Counsel and Defendants' failure to pay Defense Counsel's legal fees. Defendants' Proposed Order to Show Cause, D.E. 15. This Court held the scheduling conference and issued the Order to Show Cause on October 30, 2023. D.E.s 18, 19. Defendants were ordered to appear on November 9, 2023 via Zoom to show cause why their counsel should not be permitted to withdraw from representing Defendants. Order to Show Cause, D.E. 19, at 1. Defense counsel served a copy of the Order to Show Cause on Defendants on November 1, 2023 and certified same to the Court on November 9, 2023. Certificate of Service, D.E. 20. No Defendant nor any representative of Defendants appeared for the November 9, 2023 hearing, which was held on the record. Order, D.E. 21. On November 16, 2023, the Court entered an Order noting Defendants' failure to appear and the lack of opposition to Defense Counsel's request to withdraw, and granted Defense Counsel's request to withdraw. *Id.* The Court

2

directed new counsel for Defendant to file a notice of appearance on the docket by December 15, 2023.[1]  *Id.*   The Court also directed Defendants to provide responses to Plaintiff's outstanding discovery requests by January 13, 2023 and the parties to file a joint status report by January 19, 2024.  *Id.*   Defendants' former counsel served a copy of the Order on Defendants and filed proof of service on the docket on November 21, 2023.   Proof of Service, D.E. 22.

Plaintiff's counsel filed a status report on January 17, 2024, and noted that no new counsel for Defendant had contacted him and Defendants had not served responses to discovery requests.   Status Report, D.E. 23.   Accordingly, on January 18, 2024 the Court entered an Order to Show Cause why the Court should not strike Defendants' answer and affirmative defenses and enter default against Defendants and in favor of Plaintiff pursuant to Federal Rules of Civil Procedure 16(f) and 37, for failure to comply with this Court's October 30, 2023 and November 16, 2023 Orders.   Order to Show Cause, D.E. 25.   Defendants were directed to respond not later than February 1, 2024.   To date, the Court has received no response.

**II.    DISCUSSION**

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to comply with a court order.   Fed. R. Civ. P. 16(f)(1)(C).   When a party violates such an order, the court may "issue any just orders, including those authorized by Rule

---

[1]  As a corporate entity, Brown Group cannot proceed *pro se* in federal court.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *United States v. Cocivera*, 104 F.3d 566, 572-73 (3d Cir. 1996).   It is unclear from both the Complaint and Notice of Removal whether Direct Logistic can proceed without counsel.   Neither provides sufficient clarity about the structure of Direct Logistic.   The Complaint is silent about the structure or organization of Direct Logistic, and the Notice of Removal states only that it "is a non-incorporated foreign entity, whose sole principal is Defendant Brown."  *Id.* ¶8.

3

37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Accordingly, Rule 37(b)(2)(A) provides that when a party fails to obey a court order or to provide or permit discovery, the court may "(iii) strik[e] pleadings in whole or in part; [or] . . . (vi) render[] a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A). However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors articulated by the Third Circuit in *Poulis v. State Farm Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) in deciding whether to strike a pleading or dismiss an action all together. Specifically, the Court must consider: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willful or bad faith conduct of an attorney; (5) alternative sanctions; and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Defendants' failure to comply with court orders, obtain new counsel, or otherwise communicate with Plaintiff and the Court since November 2023 has essentially brought this matter to a standstill. Out of an abundance of caution, the Undersigned nonetheless considers the *Poulis* factors.

### i. The Extent of the Party's Personal Responsibility

In the instant case, Defendants' failure to comply with court orders appears to be solely their own doing. The record reflects that Defendants have failed to take the basic action necessary to defend this matter, such as responding to discovery requests, obtaining new counsel,

4

appearing as directed for Court hearings, and responding to Court Orders. Nor have Defendants contacted the Court to explain their failure to comply or to seek more time to do so. Accordingly, the Undersigned can conclude only that Defendants do not intend to further defend this action and have willfully chosen to abandon these suits. Accordingly, the first *Poulis* factor weighs in favor of striking Defendants' Answer and affirmative defenses and entering default against them.

### ii.     Prejudice to the Adversary

The Court must next consider whether Defendants' failure to defend this litigation has prejudiced Plaintiff. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). Here, Defendants' effective abandonment of this litigation leaves Plaintiff with no means to obtain the discovery it needs to prosecute this matter, and no avenue to obtain a final resolution of its claims. This case is approaching a year old and has been stymied due to Defendants' failure to participate in this matter. Accordingly, this *Poulis* factor favors striking Defendants' Answer and entering default against them.

### iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Defendants' dilatoriness and whether they have acted in bad faith. The Third Circuit has

emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

Although it is true that Defendants initially litigated this matter with a modicum of diligence, since at least November 2023, Defendants have, by all appearances, abandoned these matters. Since that time, Defendants have failed to appear for the hearing on their counsel's request to withdraw, obtain new counsel, provide responses to Plaintiff's discovery requests, or respond to this Court's January 18, 2024 Order to Show Cause.   Nor have Defendants communicated with the Court to request an extension of the deadlines.   The record before the Court establishes that for several months, Defendants have made no effort to comply with their obligations in defending against Plaintiff's claims or to explain to the Court their inability to do so.   Therefore, the Court must conclude on the record before it, that Defendants' failure to comply with its Orders was willful and that they have chosen not to defend this matter. Accordingly, these factors weigh in favor of dismissal of striking Defendants' Answer and affirmative defenses and entering default against them.

    iv.  **Alternative Sanctions**

This factor also favors striking Defendants' answer and affirmative defenses, and entering default against them, for several reasons.   First, Defendants' failure to comply with the Court's Orders or explain their inability to do so, or to contact the Court to seek additional time to obtain new counsel or comply, strongly suggests that Defendants have abandoned this litigation.   *Porten*, 2011 WL 2038742, at *3.   Second, there is no plausible reason to believe

that sanctions such as fines, costs, and attorneys' fees would spur Defendants to resume actively litigating these cases.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendants' defenses. Here, however, Defendants' failure to respond to this Court's Orders, obtain new counsel, or provide responses to discovery, renders any such analysis impossible. Therefore, this fact is at best neutral, in that the Court is not in a position to assess the merits of Defendants' defenses.

## II. CONCLUSION

On balance, the pertinent *Poulis* factors weigh in favor of striking Defendants' Answer and affirmative defenses, and entering default against them and in favor of Plaintiff, pursuant to Federal Rules of Civil Procedure 16(f) and 37, for failure to comply with this Court's October 30, 2023 and November 16, 2023 Orders. Accordingly, the Undersigned respectfully recommends that the District Court strike Defendants' answer and affirmative defenses, and enter default against them and in favor of Plaintiff, pursuant to Federal Rules of Civil Procedure 16(f) and 37.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(2).

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: February 6, 2024