**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

February 28, 2024
**LETTER ORDER**

Re: *One Link Solution v. Eric Brown, et al.*
     **Civil Action No. 23-4023 (ES) (MAH)**

Dear Counsel:

On June 2, 2023, Plaintiff One Link Solution ("Plaintiff") filed suit against Defendants Eric Brown; Brown and Brown Group Inc. ("Brown Group"); and Direct Logistic Transport ("Direct Logistic") (together "Defendants") for breach of contract in state court. (D.E. No. 1-2 ("Complaint" or "Compl.")). In the Complaint, Plaintiff alleges that Defendants failed to make payments in connection with two promissory notes. (*Id.*). On July 27, 2023, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship under 28 U.S.C. § 1332(a). (D.E. No. 1 ¶¶ 3–4).

On October 25, 2023, Counsel for Defendants filed a proposed Order to Show Cause why counsel should not be permitted to withdraw as Counsel for Defendants due to a breakdown in communications between Defendants and Defense Counsel and Defendants' failure to pay Defense Counsel's legal fees. (D.E. No. 15). On October 30, 2023, the Honorable Michael A. Hammer, U.S.M.J. issued the Order to Show Cause and directed Defendants to appear at a hearing on November 9, 2023, via Zoom to show cause why their counsel should not be permitted to withdraw from representing Defendants. (D.E. No. 19 at 1). Neither Defendants nor any representative of Defendants appeared for the November 9, 2023 hearing. (D.E. No. 21). On November 16, 2023, after noting Defendants' failure to appear and the lack of opposition to Defense Counsel's request to withdraw, Judge Hammer granted Defense Counsel's request to withdraw. (*Id.*).

Thereafter, Judge Hammer entered an order (i) directing any new counsel for Defendants to file a notice of appearance no later than December 15, 2023; (ii) instructing Defendants to provide responses to Plaintiff's outstanding discovery requests by January 12, 2024; (iii) and directing the parties to file a joint status report by January 19, 2024. (*Id.*). On January 17, 2024, Plaintiff filed a letter informing the Court that no new counsel for Defendants had contacted him and that Defendants had not served responses to Plaintiff's discovery requests. (D.E. No. 23). As such, on January 18, 2024, Judge Hammer entered another Order to Show Cause why the Court should not strike Defendants' Answer and Affirmative defenses and enter default against Defendants and in favor of Plaintiff pursuant to Federal Rules of Civil Procedure 16(f) and 37, for failure to comply with Judge Hammer's October 30, 2023 and November 16, 2023 Orders. (D.E. No. 25). Judge Hammer instructed the Defendants to respond to the Order to Show Cause no later than February 1, 2024. (*Id.*). Defendants have not filed any response to this day.

On February 6, 2024, Judge Hammer issued a Report and Recommendation ("R&R") recommending that this Court strike Defendants' Answer and Affirmative Defenses, and enter default against Defendants and in favor of Plaintiff, pursuant to Federal Rules of Civil Procedure 16(f) and 37.  (D.E. No. 27 at 7).  Judge Hammer provided the parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72.1(c)(2).  (*Id*.).  The parties did not file any objections.

Having reviewed Judge Hammer's R&R in full, and for the reasons stated therein,

**IT IS** on this 28th day of February 2024,

**ORDERED** that the Court **ADOPTS** Judge Hammer's R&R (D.E. No. 27) in full; and it is further

**ORDERED** that Defendants' Answer and Affirmative Defenses are stricken pursuant to Federal Rules of Civil Procedure 16(f) and 37; and it is further

**ORDERED** that default be entered against Defendants and in favor of Plaintiff pursuant to Federal Rules of Civil Procedure 16(f) and 37.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**